IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| JOSEPH DANIEL MONK, ) | CASE NO. 04-31154-H3-13 |
| ) | |
|    Debtor, ) | |
| ) | |
| ) | |
| JOSEPH DANIEL MONK, ) | ADVERSARY NO. 04-3359 |
| ) | |
|    Plaintiff ) | |
| ) | |
| VERSUS ) | |
| ) | |
| ) | |
| FAIRBANKS CAPITAL CORPORATION, ) | |
| ) | |
|    Defendant ) | |
| ) | |

MEMORANDUM OPINION

      The court held a Show Cause hearing why it should not abstain from hearing the above captioned adversary proceeding (Docket No. 26) and after considering the pleadings, and argument of counsel, the court makes the following findings of fact and conclusions of law determining to abstain. To the extent any findings of fact are construed to be conclusions of law, they are adopted as such. To the extent any conclusions of law are construed to be findings of fact, they are adopted as such.

      This court has subject matter jurisdiction. The above captioned case is related to the main case bankruptcy, in that the outcome of this proceeding will have an effect on the estate, as

any recovery from this adversary action would go into the estate for future distribution.  11 U.S.C. § 1334; *Wood v. Wood (In the Matter of Wood),* 825 F.2d 90 (5th Cir. 1987); *FDIC v. Majestic Energy Corp. (In re Majestic Energy Corp.),* 835 F.2d 87 (5th Cir. 1988).

On January 22, 2004 Joseph Daniel Monk, Plaintiff, filed a Chapter 13 bankruptcy proceeding.  On May 25, 2004 Plaintiff filed the above captioned adversary proceeding against Fairbanks Capital Corporation, Defendant.  Plaintiff alleges he is entitled to damages for the violations of the Truth in Lending disclosures, collection practices under the Fair Debt Collection Act and the Texas Water Code, breach of contract, restitution of the purchase price and attorney's fees.  Defendant filed a general denial and asserted affirmative defenses of estoppel, waiver, ratification, and failure to state a claim.

Courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interests of justice or in the interest of comity with State courts or respect for State law.  *Gober v. Terra Corp. (In the Matter of Gober),* 100 F.3d 1195 (5th Cir. 1996); *In re Republic Reader's Service*, 81 B.R. 422 (Bankr. S.D.Tex.1987).

Permissive abstention under 28 U.S.C. § 1334(c)(1) may be raised by the court *sua sponte*, and bankruptcy courts have jurisdiction to initially evaluate the grounds for abstention in

2

accordance with Fed.R. Bankr. P. 5011(b).  *Gober*, 100 F.3d at 1207; *Baird v. Baird,* 428 U.S. 132 (1976); *In re Richmond Tank Car Co.,* 119 B.R. 124, 125 (S.D.Tex. 1989).

Permissive abstention is not jurisdictional or dispositive of the merits of the dispute.  It is determined by an analysis of the issues of whether it would be in the interest of justice, or in the interest of comity with State courts or respect for State law.  The elements the court considers are the: effect on efficient administration of the estate; extent to which state law issues predominate over bankruptcy issues; difficulty or unsettled nature of the applicable state law; presence of related proceeding commenced in state court or other nonbankruptcy court; jurisdictional basis; degree of relatedness or remoteness of the proceeding to the main bankruptcy case; substance versus form of an asserted "core" proceeding; feasibility of severing state law claims from core bankruptcy matters to allow state court judgments; burden on the bankruptcy court's docket; likelihood that the commencement in bankruptcy court involves forum shopping; existence of a right to jury trial; and presence in the proceeding of non-debtor parties.  *See In re Republic Reader's Service*, 81 B.R. 422 (Bankr. S.D.Tex.1987); *In re Richmond Tank Car v. CTC Investments*, 199 B.R. 124, 126 (Bankr. S.D. Tex. 1987).

The issues raised in this adversary proceeding, violations of the Truth in Lending disclosures, collection

3

practices under the Fair Debt Collection Act and the Texas Water Code, breach of contract, restitution of the purchase price and attorney's fees are questions of state law, which a state court is competent to address.  Judicial efficiency would be served by allowing the state district court to proceed with this suit.

Pursuant to 11 U.S.C. § 305(a) and 28 U.S.C. § 1334, this court abstains from hearing the above captioned adversary proceeding.

Signed at Houston, Texas on this 9th day of August, 2005.

*[signature]*

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE